UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM W. BURNS, | Case No. 5:15-cv-2329-PSG |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE** |
| v. | |
| ARLENE C. BURNS RHINE, et al., | **(Re: Docket No. 9)** |
| Defendants. | |

Before the court is Defendants' motion to dismiss for improper venue, or alternatively, to transfer venue to the United States District Court for the District of Nevada. Because venue is proper in this court, and because Defendants have not demonstrated that transfer to the District of Nevada would provide greater convenience to the parties or advance the interests of justice, the motion is DENIED.

**I.**

This dispute arises from the administration of the trust and estate of Helen R. Burns.[1] The trust was executed on March 5, 1993 in Los Gatos, Santa Clara County, California,[2] and the trust

---

[1] *See* Docket No. 13 at 1.

[2] *See id.* at 1.

1

Case No.: 5:15-cv-02329-PSG
ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE

instrument states that "[t]he Situs of the Trust shall be California."[3]  In August 2011, the trust was amended to transfer the power of trustee from Ms. Burns to her children, William W. Burns and Arlene C. Burns Rhine, to be executed jointly.[4]

On May 8, 2015, William W. Burns, Plaintiff here, filed suit in the Northern District of California against his sister and her husband, alleging fraudulent misrepresentation and breach of fiduciary duty, among other claims.[5]  Defendants moved to dismiss the complaint for improper venue or, in the alternative, to transfer the case to the District of Nevada.[6]  They both live in Reno, Nevada and have been domiciled there since 2007.[7]  Arlene Burns Rhine further declares that she had no dealings with her mother's financial affairs while she lived in this judicial district, in Walnut Creek, California.[8]

**II.**

This court has jurisdiction under 28 U.S.C. § 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

It is generally the plaintiff's burden to demonstrate proper venue in the chosen district.[9]  Under 28 U.S.C. § 1391(b), proper venue in a civil diversity action includes "a judicial district where any defendant resides, if all defendants reside in the same State," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

---

[3] *See id.* at 2.

[4] *See id.* at 2.

[5] *See* Docket No. 1 at 8.

[6] *See* Docket No. 9.

[7] *See id.* at 1.

[8] *See* Docket No. 9-3 at ¶ 6.

[9] *See Koresko v. RealNetworks, Inc.*, 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003); *Whiteman v. Grand Wilea Resort*, Case No. C 98–04442-MMC, 1999 WL 160344, at *1 (N.D. Cal. Mar. 17, 1999).

United States District Court
For the Northern District of California

substantial part of the property that is subject of the action is situated."[10]  Where venue is improper, a district court must either dismiss the case or transfer it "in the interest of justice" to an appropriate jurisdiction.[11]

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action "to any other district or division where it might have been brought" for the convenience of the parties and witnesses.[12]  The purpose of the statute is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"[13] Transfer to a more convenient forum requires venue to be proper in the first instance.[14]  The Ninth Circuit has identified eight factors that must be considered: (1) the convenience of the parties and witnesses; (2) the location where the alleged events in the lawsuit took place; (3) the relative ease of access to sources of proof; (4) the plaintiff's choice of forum; (5) the pendency of related litigation in the transferee forum; (6) the relative congestion of the two courts; (7) the public interest in the local adjudication of local controversies; and (8) the relative familiarity of the two courts with the applicable law.[15]

### III.

At issue is whether venue is proper in the Northern District of California.  Because a substantial part of the property that is the subject of the action is situated in this district, venue is proper; transfer is not.

*First*, Plaintiff has established that a substantial part of the property that is the subject of the action is situated in this judicial district.  The trust instrument, which serves as the basis for several

---

[10] *See* 28 U.S.C. § 1391(b).

[11] *See* 28 U.S.C. § 1406(a).

[12] *See* 28 U.S.C. § 1404(a).

[13] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

[14] *See Thornton v. Toyota Motor Sales U.S.A., Inc.*, 397 F. Supp. 476, 477 (C.D. Ga. 1975); *Nizami v. Woods*, 263 F. Supp. 124, 125 (C.D.N.Y. 1967).

[15] *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

3
Case No.: 5:15-cv-02329-PSG
ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE

of the claims recited in the Complaint, was executed in Los Gatos, California, in the Northern District of California. The trust instrument itself clearly designates California as the situs of the trust. On that basis alone, venue in this district is appropriate. In addition, Plaintiff has alleged that substantial interactions with banks and stockbrokers used by Ms. Burns and the Defendants took place in Northern and Southern California.[16]

*Second*, Defendants provide—and the Court can find—no reason to transfer the case to the District of Nevada, apart from the fact that Defendants are residents of Nevada. There is no indication that such transfer will otherwise increase convenience to the parties and witnesses, or that any substantial portion of the events giving rise to the claims occurred in Nevada. Defendants' arguments that a substantial part of the events took place in Oregon or Southern California do not help explain why the case should be transferred to the District of Nevada. While Defendants are correct that a Nevada court could apply California law,[17] this would undermine the public interest in the local adjudication of local controversies.

### IV.

For these reasons, dismissal or transfer to the District of Nevada is not appropriate, and Defendants' motion to dismiss or alternatively transfer venue is DENIED.

**SO ORDERED.**

Dated: September 2, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[16] *See* Docket No. 1 at 4; Docket No. 13 at 2.

[17] *See* Docket No. 16 at 2.