

1  WILLIAM W. BURNS, ESQ., SBN: 44187
   LAW OFFICES OF WILLIAM W. BURNS
2  15720 WINCHESTER BLVD., SUITE 201
   LOS GATOS, CALIFORNIA 95030
3  TELEPHONE: (408) 395-2226
   FACSIMILE: (408) 395-6480
4

5  <u>Plaintiff in Propria Persona</u>

6

7               IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVISION

10

11 WILLIAM W. BURNS                    CASE NO. CV 15 2329 PSG

12         Plaintiff,                  MOTION FOR CREATION AND IMPOSITION OF
                                       A PRELIMINARY INJUNCTION TO PROTECT
13    VS,                              THE ASSETS OF DECEDENT HELEN R. BURNS

14 ARLENE C. BURNS RHINE, DAVID        DATE: TUESDAY, AUGUST 18, 2015
   ANTHONY (TONY) RHINE, DOES          TIME: 10:00 A.M.
15 ONE TO FIFTY,                       COURTROOM: 5
                                       JUDGE: HON. PAUL SINGH GREWAL
16         Defendants.

17 _____/

18     Plaintiff WILLIAM W. BURNS here by moves for an Order of the Court to issue a Preliminary

19 Injunction which orders the Parties to make no transfer or conveyance of property of the Trust or Estate of Helen

20 R. Burns, Decedent. This order shall deny the Parties the right to use Estate money or property, including but not

21 limited to transfer into their personal possession or payment of any claim, including Attorney Fees or Court Costs.

22              **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

23     A Preliminary Injunction is usually directed at freezing circumstances in place until there is a greater

24 opportunity to hear the merits of the Case. *(CMM Cable Rep. Inc. v. Ocean Coast Properties, Inc.*, 48 Fed 3d

25 618, 620 (1st Cir 1995)). The purpose of a Preliminary Injunction is to 'preserve the status quo', pending full

*MOTION FOR PRELIMINARY INJUNCTION*          -1-

adjudication.

A Preliminary Injunction is needed as oppose4d to a Temporary Restraining Order because the Order is only effective for a maximum of twenty-eight (28) days with a single renewal. It is necessary to protect the assets from Helen R. Burns Estate until there is a full adjudication otherwise, we expect that Arlene C. Rhine and her husband, Anthony David (Tony) Rhine will continue to remove funds causing irreparable injury to William W. Burns and his family. The entire essence of this Case is the preservation of what is left of the assets of Helen R. Burns to determine the fairness of distribution from the Estate and Trust of Helen R. Burns, and to re-determine the proper distribution. The entire Estate and Trust must be retained to reach this goal.

An injunction order is an extraordinary writ enforceable by the judicial power of contempt. Injunction Relief may be granted to afford preventive, protective, or restorative relief. The purpose of injunctive relief is to prevent future harm. In the instant Case, it is alleged that Defendants have transferred considerable Trust and Estate assets to themselves. The injunction will stop those transfers so that a judicial determination of proper heirship may be made.

The Court is vested with full discretion to grant or deny requested injunctive relief (*Hecht Co. v. Bowles*, 321 U.S. 321, 329, 645. Ct 587 88 L .Ed. 754 (1944)). Injunctive relief is usually granted only if an adequate remedy at law is unavailable. Arlene C. Rhine and her husband will continue to pillage the assets of Helen R. Burns' Trust and Estate if they are not stopped, and they certainly won't return any assets they have already taken, or will take. They are skillful in taking and hiding those funds, and they have used those assets to augment their life style, including many cruises to Europe, Mexico, and South America.

### DECLARATION OF WILLIAM W. BURNS

I, **WILLIAM W. BURNS**, am the Plaintiff in this action.

1. Pursuant to the Trust and Will of Helen R. Burns, I am heir to the Estate and Trust of Helen R. Burns and I am a Co-Trustee of her Revocable Living Trust;

2. That my sister, Arlene C. Burns Rhine, is a Co-Trustee of my mother's Trust and Estate. And in that capacity, she and her husband and daughter have appropriated considerable property of the Trust and Estate

without approval of myself, the Co-Trustee;

3. And that Arlene C. Rhine and David Anthony (Tony) Rhine have attempted to appropriate even more of the Trust and Estate by their demand for one-half of the Morgan-Stanley Account of Helen Burns *(EXHIBIT 1)*, and at the same time take control of the Vanguard Accounts *(EXHIBIT 2)*;

4. That as Co-Trustee, Arlene C. Rhine violated her fiduciary duty when she sold two (2) other stock in the Helen R. Burns Revocable Living Trust Accounts, Janus and TIAAF-CREF, without my permission. The sale of those funds totaled *$90,694.41* and were transferred to her private bank account and have been spent;

5. That after my Mother's death, Arlene C. Rhine and Anthony David (Tony) Rhine contacted Morgan Stanley, Helen R. Burns Broker, and made a request for one-half of the account. And that the request was made without notice to me. Fortunately, the Broker would not release the stocks and money market funds withouta approval by me;

6. That I wrote Arlene C. Rhine that I would not authorize her request unti9l we had a complete accounting of Helen R. Burns' entire Estate and Trust;

7. That, I asked Arlene C. Rhine to make an offer that was fair to me to settle the Trust and Estate, but I never heard from her after that, and I unfortunately had to file this law suit *(EXHIBIT 3)*;

8. That the history of Helen R. Burns' Trust and Estate are stated in the Plaintiffs' opposition to Defendants' Motion for change of venue/dismissal, and that statement also should be reviewed related to this matter; and

9. That Plaintiff William W. Burns hereby request that a Preliminary Injunction be imposed such t neither Arlene C. Rhine nor William W. Burns, or their agents, assigns or Attorneys shall have access to the Vanguard Accounts, or Morgan Stanley Account, or to any remaining assets of the Trust or Estate or Helen R. Burns' property which is in the hands of Arlene C. Rhine, her family, agents, or attorneys, and that no assets of Helen R. Burns' Estate or Trust may be used for the payment of Attorneys Fees or Court Costs, or other expenses related to this Court Action.

I declare to the best of my knowledge under penalty of perjury that the foregoing is true and correct.

*MOTION FOR PRELIMINARY INJUNCTION*      -3-

1 | Executed July 28, 2015 at Los Gatos, California.

/S/ WILLIAM W. BURNS

_____
WILLIAM W. BURNS
In Proporia Persona