E-filed 11/14/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM WALTER BURNS, | Case No. 15-cv-02329-HRL |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO INSTRUCT CO-TRUSTEE TO MAKE PAYMENT FOR ATTORNEYS' FEES** |
| v. | |
| ARLENE C. BURNS RHINE, et al., | |
| Defendants. | Re: Dkt. No. 61 |

Defendants Arlene Burns Rhine ("Arlene") and David Anthony Rhine ("Anthony") seek an order instructing a co-trustee of the Helen R. Burns Revocable Trust ("Trust") to approve payment of attorneys' fees and costs from Trust property. Pro-se plaintiff and co-trustee William Burns ("William") opposes the motion and refuses to authorize this use of Trust funds. For the reasons explained below, the court grants Arlene's motion in part and denies it in part, and instructs William to approve payment of fees in the amount of $29,934.50.

**BACKGROUND**

Helen R. Burns ("Helen") named William and Arlene, her two children, beneficiaries of the Trust she established in 1993. Dkt. No. 1-1, Ex. 1. William and Arlene were made co-trustees in 2011, Dkt. No. 1-2, Ex. 2, three years before Helen's death, Dkt. No. 1, at pp. 1-2.

William's complaint alleges that in the last decades of Helen's life, Arlene and her husband, Anthony, inappropriately used Trust funds as their own. Dkt. No. 1. Arguing that the co-trustees were required to act jointly in administering the Trust, William asserts that Arlene, without seeking his consent, added her name to Helen's bank accounts, removed money from Helen's accounts for her own expenses, and inappropriately paid her daughter Linda a salary to provide care for Helen that she was not qualified to give. *Id.* William seeks an accounting of

Trust assets and Arlene's actions with respect to the Trust, a declaratory judgment clarifying the terms of the Trust, the imposition of a constructive trust to "stop the looting of Trust Funds," a determination of his and Arlene's share of the estate as it now stands, and exemplary damages. Dkt. No. 1, at pp. 7-9. Arlene denies the allegations of wrongful conduct. Dkt. No. 35.

William filed suit in June of 2015. Dkt. No. 1. Several months later, Judge Grewal, before whom the case was pending prior to its reassignment, granted as unopposed William's Motion for a Preliminary Injunction ordering the parties to "make no transfer or conveyance of the property of the Trust" and denying them the use of Trust property, including for attorneys' fees, pending full adjudication of the dispute. Dkt. No. 34.

**THE PRESENT MOTION**

Arlene requests that the court permit the use of Trust property to pay her attorneys' fees and costs in this matter, claiming fees of $55,982.99 to date. Dkt. No. 61, Ex. C. Arlene argues that, under California law—which she asserts governs this dispute—trustees may generally use trust assets to pay for legal services. Dkt. No. 61, at p. 4. To support this proposition, she cites California Probate Code Sections 16247 and 16249 and the Trust instrument itself, which states that the trustee may "incur and pay the ordinary and necessary expenses of administration, including . . . reasonable attorneys' fees." Dkt. No. 61, Ex. B. Arlene also acknowledges, however, that "a power vested in two or more trustees may only be exercised by their unanimous action." Cal. Prob. Code § 15620. Thus, Arlene petitions the court under California Probate Code Section 17200(b)(6) for an order directing her co-trustee to pay her attorneys' fees and costs from Trust assets. Dkt. No. 61, at pp. 5-6.

In an opposition brief filed two weeks late, William argues that Arlene's attorneys' actions have not benefitted the trust and that the fees claimed are exorbitant. Dkt. No. 66, at p. 2. He challenges the information Arlene has provided him thus far as incomplete. *Id*. He renews his objection to Arlene and her husband using any trust funds for their defense. *Id.* at p. 3. And he argues that the California Probate Code is not relevant, *id.* at p. 4, because Helen lived the last few years of her life in Oregon. Dkt. No. 66, Ex. E. William also filed a "Supplemental Opposition" several weeks after the hearing on this motion, in which he accuses Arlene of hiding records to

1  cover up the disappearance of Trust funds and presents as exhibits selected documents in support
2  of his position. Dkt. No. 79.

**DISCUSSION**

### 1. The Applicable Law Governing the Dispute

Federal courts sitting in diversity apply the law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). This includes the forum state's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

California courts follow the Restatement (Second) of Conflicts of Law. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-67 (1992). The Restatement favors honoring choice-of-law clauses in contracts or trust instruments, "provided that the state has a substantial relation to the trust and that the application of its local law does not violate a strong public policy of the state with which as to the matter at issue the trust has its most significant relationship." Restatement (Second) of Conflicts of Laws § 270, Comment (b); *see also In re Zukerkorn*, 484 B.R. 182, 190-94 (B.A.P. 9th Cir. 2012). The California Probate Code also favors honoring the intent of the Trust's settlor with respect to choice of law. Cal. Prob. Code § 21103; *Ehrenclou v. MacDonald*, 117 Cal. App. 4th 364, 369 (2004) (applying California law where that law was selected by a settlor).

Here, the Trust instrument selects California law. The Trust in several places references California law, and, critically, says: "[t]he validity of this Trust and the construction of its beneficial provisions shall be governed by the laws of the State of California in force from time to time," and "[t]he Situs of the Trust shall be in California." Dkt. No. 61, Ex. B, Article V(G), Article IX(A). Additionally, California was the state in which the Settlor/Trustee lived and the Trust property was located at the time of the Trust's creation.

California law is the appropriate law for the resolution of this dispute.

### 2. William's Supplemental Opposition

As another threshold matter, the court weighs whether it should consider William's supplemental opposition. This supplement was filed after his initial opposition, after the defendants' reply, and after the hearing on this motion. According to Civil Local Rule 7-3(d),

3

"[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except" if there is new evidence in the reply, or if there is a new judicial opinion. Neither exception applies here.

Though William is a pro se litigant, and pro se litigants are in some circumstances entitled to leniency, courts have declined to be lenient to attorneys who are representing themselves. "An attorney representing himself clearly 'benefits from the representation of counsel,'" and does not require the flexibility afforded those without the benefit of legal training and experience. *Weber v. Gorenfeld*, No. 88-6756, 1991 WL 36300, at *5 (9th Cir. Mar. 14, 1991); *Crocket v. California*, No. CV 12-1741-DOC (SP), 2012 WL 2153801, at *3 (C.D. Cal. May 22, 2012). William is a licensed attorney, admitted to the Bar in the State of California and admitted to practice before the Northern District. The court thus expects him to be aware of the rules and declines to consider the supplemental opposition filed in violation of those rules.[1]

**3. Whether Arlene is Entitled to Attorneys' Fees and Costs**

In considering whether Arlene is entitled to attorneys' fees and costs, the court must first determine whether it has the power to award such relief.

Under California Probate Code Section 15620, "a power vested in two or more trustees may only be exercised by their unanimous action." This includes actions such as using trust property to pay attorneys' fees.

The court, however, may instruct a co-trustee to consent to such an action. A trustee may petition the court for relief concerning the internal affairs of a trust, Cal. Prob. Code § 17200, and the court may order various forms of relief, including, but not limited to, "[i]nstructing the trustee," *id.* at § 17200(b)(6). The list of subjects about which a trustee may petition the court in Probate Code Section 17200 does not expressly include compelling consent from a co-trustee, but the list is non-exhaustive. And it is logical that if the court can order one trustee to take an action, the court can order a co-trustee to consent to the same action. Though Arlene does not cite any binding authority for this proposition, relying instead on CEB's California Trust Administration

---

[1] The court does not foreclose use of the evidence/documentation in the supplemental opposition if properly submitted at a later time.

Section 1526 ("it is proper to ask the court to intervene [under § 17200(b)(6)] when co-trustees have equal powers and cannot come to a unanimous decision, as required under Probate Code § 15620"), William fails to cite any authority to the contrary. The court is persuaded that it has the power to compel consent from a co-trustee, if it is appropriate to do so. *See Holloway v. Edwards*, 68 Cal. App. 4th 94, 96 (1998) (affirming a trial court ruling reimbursing a co-trustee's attorneys' fees in response to a petition under Section 17200).

We next turn to the question of whether it is appropriate for the court to order William's consent to the payment of attorneys' fees and costs here.

Generally, trustees have power to pay expenses incurred in the administration of the trust. Cal. Prob. Code § 16243. This includes the power to hire attorneys, both to aid in trust administration and to defend the trust in actions "for the protection of trust property and of the trustee in the performance of the trustee's duties." Cal. Prob. Code §§ 16247, 16249.

Trustees are entitled to reimbursement out of the trust property for two categories of expenses: (1) "[e]xpenditures that were properly incurred in the administration of the trust[,]" and (2) "[t]o the extent that they benefitted the trust, expenditures that were not properly incurred in the administration of the trust." Cal. Prob. Code § 15684. To determine if Arlene is entitled to reimbursement for her attorneys' fees and costs, the court must determine if her expenses fit into either of these categories.

Trust administration includes preparing an accounting and responding to challenges to that accounting by beneficiaries. *Kasperbauer v. Fairfield*, 171 Cal. App. 4th 229, 234-35 (2009). Attorneys' fees related to trust administration may be paid from trust assets even when there are challenges to a trust accounting pending before the court. *Id.* (permitting such interim payments). Thus, Arlene's attorney's reasonable expenses in preparing an accounting requested by William and responding to his objections fall within the first category of expenditures for which a trustee is entitled to reimbursement out of trust property under Section 15684.[2]

---

[2] To the extent to which a beneficiary's challenge to an accounting is ultimately successful, the beneficiary may be entitled to claw back from the opposing party any attorneys' fees and costs awarded out of trust funds. *Bellows v. Pomplun*, No. H022545, 2003 WL 21329867, at *15-21 (Cal. Ct. App. June 10, 2003) (holding that a surcharge was appropriate when a trustee's

In addition to accounting-related costs, Arlene also seeks fees related to her defense. Fees and costs related to litigation fall into the second category under Section 15684, and courts, in determining whether to allow costs and fees to be paid from trust funds, must ask whether "such litigation is a benefit and a service to the trust." *Terry v. Conlan*, 131 Cal. App. 4th 1445, 1461 (2005). Courts must determine if the litigation is "necessary for the preservation of the trust," in which case reimbursement is justified, or if it is "specifically for the benefit of the trustee." *Id.*

In *Terry v. Conlan*, the court compared and distinguished two prior cases. In one, the court declined to award attorneys' fees out of trust property for a dispute over who would control and benefit from a trust. *Id.* at 1462-63, citing *Whittlesey v. Aiello*, 104 Cal. App. 4th 1221 (2002). In the second, the court reimbursed fees when the entire validity of the trust was under attack. *Id.* at 1463, citing *Estate of Duffill*, 188 Cal. 536 (1922). The *Terry v. Conlan* court ultimately decided that the trustee in the dispute before it had to bear her own costs where she "consistently pursued her own interests," rather than participate as a "neutral trustee to defend the trust and protect its assets." *Id.* at 1464.

In *Conservatorship of Lefkowitz*, the court elaborated on what it means for litigation to be for the benefit of the trust. 50 Cal. App. 4th 1310, 1314 (1996). There, the court stated that, for a trustee to be indemnified for an expense, the trustee must have "subjectively believed that the expense was necessary or appropriate to carry out the purpose of the trust and that belief [must have been] objectively reasonable." *Id.*

Here, the litigation concerns whether Arlene acted as a trustee for the benefit of the Trust and in furtherance of Trust purposes—i.e., for Helen's benefit—or for her own self-interest. William seeks, in addition to damages, a declaratory judgment regarding the terms of the Trust, a determination of his and Arlene's share of the estate, and the imposition of a constructive trust. These requests for relief are not challenges to the validity or existence of the Trust, but rather concern who controls and benefits from the Trust. It is possible, however, that Arlene, if

---

administration of the trust was deficient); s*ee* Cal. Prob. Code § 16440 (trustees are liable for a decline in the value of the trust estate resulting from a breach of trust); *see also* Cal. Prob. Code § 17211 (beneficiary may receive costs and fees if a trustee's defense of his/her accounting is unreasonable or in bad faith).

1  successful in this litigation, could prove that she acted as a neutral trustee with a subjective and
2  objectively reasonable belief that she acted to preserve the Trust and further its purposes—in other
3  words, that she acted for the benefit of the Trust.  *See Holloway v. Edwards*, 68 Cal. App. 4th 94,
4  99-100 ("While defenses against [allegations of alleged wrongdoing by the trustee] may have
5  benefitted [the trustee] personally by eliminating the possibility of individual liability, they also
6  benefited the trust by eliminating charges raising serious questions about whether she had and
7  could continue to administer the trust properly."); *Estate of Gump*, 1 Cal. App. 4th 582, 604-05
8  (1991) (stating that fees incurred in a trustee's "successful" defense of an action are recoverable,
9  but that fees incurred in a losing action are not).

These questions are the subject of this litigation, and their resolution now would be premature.  Thus, with respect to the fees Arlene claims related to her defense in this litigation, the court denies the present motion without prejudice.

**4. Whether the Claimed Fees and Costs are Reasonable**

Having determined that Arlene is entitled to attorneys' fees and costs related to the accounting provided to William, the court now asks whether the fees claimed by Arlene for this purpose are reasonable.  In addition to being for the benefit of the trust or for trust administration purposes, attorneys' fees must also be reasonable in amount.  *Donahue v. Donahue*, 182 Cal. App. 4th 259, 268-70 (2010).  The court must "carefully review the attorney documentation and determine their reasonableness and necessity," *id.* at 270, examining the reasonableness of staffing levels and hours spent, and rates charged, *id.* at 271; *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The party seeking fees bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  *Blum v. Stenson*, 465 U.S. at 895 n.11.

Both attorneys' fees and paralegal fees may be awarded.  *See In Re Elmer Snyder Family Trust*, No. B249810, 2014 WL 4103967, at *3 (Cal. Ct. App. Aug. 24, 2014).  To obtain reimbursement for paralegal fees, the request must describe the paralegal's qualifications, as well as the services she provided and the time she spent.  *Id*.  The request must also prove that use of

7

the paralegal did not lead to greater costs than if the attorney had performed the tasks herself. *Id.*

In September 2016, the court issued on interim order on defendants' motion for attorneys' fees indicating the deficiencies in the declarations filed by defense counsel Stephen Picone. The order granted the defendants leave to make a proper showing—one including evidence regarding paralegal Cindy Press's normal hourly rates and qualifications for the specific tasks performed, evidence that Press and Picone spent a reasonable number of hours performing the tasks for which fees are requested, and evidence independent of the attorney's own affidavit demonstrating the reasonableness of Press and Picone's hourly rates relative to those prevailing in the community.

Following the interim order, defendant filed declarations from Picone, Press, and two attorneys in Santa Clara County, James Efting and Rebecca Weisman. The Picone and Press declarations, their attached exhibits (which include an order from the Santa Clara County probate court approving fees for Picone and Press at the rates charged here), Dkt. No. 73, Ex. C, and the Efting and Weisman declarations establish that the rates charged by Picone and Press are in line with those prevailing in the community. *See* Dkt. Nos. 73-76. Additionally, the Weisman and Efting declarations both contain statements supporting the reasonableness of the number of hours Picone and Press spent on this matter. Finally, the declarations state that Press is a qualified paralegal with decades of experience in probate and elder law, including in the preparation of accountings. Considering these declarations and the attached exhibits, the court is satisfied that the defendant has carried her burden with respect to the reasonableness of the fees requested.

In evaluating these fees, the court divided the fees claimed in Arlene's Exhibit C (to Dkt. No. 61, Motion for Attorney Fees) into those associated with the accounting and those associated with other aspects of the defense. As the party seeking fees bears the burden of proving that the fees sought were allowable and reasonable, where there was insufficient detail to determine whether an item was related to accounting, the court did not award fees for that item. The results of the court's examination of Arlene's Exhibit C are attached as an addendum to this order. The total amounts of fees awarded for accounting included $28,236.00 for Press's services and $1,698.50 for Picone's, for a total of $29,934.50.

**CONCLUSIONS**

1   The court grants defendant's petition for attorneys' fees and costs related to the preparation
2 of an accounting and denies it without prejudice as premature for those fees and costs related to
3 the defense of this litigation.  The court hereby instructs co-trustee William Burns to consent to the
4 payment of funds in the amount of $29,934.50 to Picone & Defilippis, A P.L.C., to be paid out of
5 the Helen R. Burns Revocable Trust.

6   **IT IS SO ORDERED.**

7 Dated: 11/14/2016

HOWARD R. LLOYD
United States Magistrate Judge

**ADDENDUM:**

**THE COURT'S CALCULATION OF FEES BASED ON DKT. NO. 61, EXHIBIT C**

| Paralegal Hours Subtracted | Date | Person Charging | Rate | Reason for Subtraction |
|---|---|---|---|---|
| 3.1 | 10/26/15 | Paralegal (Press) | 195 | Includes items not relevant to accounting |
| 1.1 | 10/27/15 | Paralegal (Press) | 195 | Includes items not relevant to accounting |
| 1.5 | 11/24/15 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 0.3 | 11/25/15 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 7 | 11/27/15 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 6.3 | 11/30/15 | Paralegal (Press) | 195 | Includes items not relevant to accounting |
| 0.4 | 3/8/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 0.4 | 3/28/16 | Paralegal (Press) | 195 | Insufficient Detail; not pertinent to accounting |
| 0.5 | 3/29/16 | Paralegal (Press) | 195 | Insufficient Detail; not pertinent to accounting |
| 2.2 | 5/16/16 | Paralegal (Press) | 195 | Includes items not relevant to accounting |
| 0.2 | 5/19/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 0.8 | 6/15/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 0.7 | 6/16/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 1.3 | 6/17/16 | Paralegal (Press) | 195 | Includes items not relevant to accounting |
| 3 | 7/5/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 0.2 | 7/11/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 1.8 | 7/13/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 3.7 | 7/14/16 | Paralegal (Press) | 195 | Not pertinent to accounting |
| 0.2 | 8/12/16 | Paralegal (Press) | 195 | Not pertinent to accounting |

| Total Paralegal Hours Claimed | 179.5 |
|---|---|
| Total Paralegal Fees Claimed | 35,002.50 |
| Total Paralegal Hours Subtracted | 34.7 |
| Deducations (hours * $195/hour) | 6766.5 |
| **Total Paralegal Fees Awarded** (fees claimed - deductions) | **28236** |

| Hours Billed by Stephen Picone For Accounting | Date | Person | Rate | Reason for Addition |
|---|---|---|---|---|
| 0.2 | 2/18/16 | Picone | 395 | Pertinent to accounting |
| 0.4 | 3/10/16 | Picone | 395 | Pertinent to accounting |
| 1.4 | 4/29/16 | Picone | 395 | Pertinent to accounting |
| 1.3 | 6/17/16 | Picone | 395 | Pertinent to accounting |
| 0.2 | 6/23/16 | Picone | 395 | Pertinent to accounting |
| 0.2 | 7/28/16 | Picone | 395 | Pertinent to accounting |
| 0.2 | 7/29/16 | Picone | 395 | Pertinent to accounting |
| 0.4 | 8/2/16 | Picone | 395 | Pertinent to accounting |

| Total Hours Billed by Picone Related to Accounting | 4.3 |
|---|---|
| **Total Fees Awarded for Picone's Hours** (Hours * 395/hour) | **1698.5** |

| **Total Fees Awarded (Paralegal + Picone)** | **29934.5** |
|---|---|