E-filed 11/14/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WALTER BURNS,<br><br>   Plaintiff,<br><br>  v.<br><br>ARLENE C. BURNS RHINE, et al.,<br><br>   Defendants. | Case No. 15-cv-02329-HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 78 |

  Plaintiff William Burns ("William") seeks an order instructing a co-trustee of the Helen R. Burns Revocable Trust ("Trust") to approve payment of his attorneys' fees and costs from Trust property. Defendants David Anthony Rhine and co-trustee Arlene Burns Rhine (together, "Arlene") oppose the motion. The court deems this motion suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and vacates the hearing scheduled for November 15, 2016. For the reasons explained below, the court denies plaintiff's motion for attorney's fees.

### BACKGROUND

  The court's order on defendants' motion for attorneys' fees, Dkt. No. 86, provides a more detailed summary of the background in this case. For the purposes of the present motion, it is only necessary to say that William claims that Arlene has improperly used trust funds without his authorization as a co-trustee to benefit herself and her daughter. Dkt. No. 1. William seeks an accounting of Trust assets and Arlene's actions with respect to the Trust, a declaratory judgment clarifying the terms of the Trust, the imposition of a constructive trust to "stop the looting of Trust Funds," a determination of his and Arlene's share of the estate as it now stands, and exemplary damages. *Id.*

  Defendants filed a motion for attorneys' fees in August 2016, seeking an order instructing

1    William as co-trustee to approve payment of Arlene's attorney's fees. Dkt. No. 61. After a

2    hearing, the court issued an interim order stating that the declarations provided by defense counsel

3    did not sufficiently establish the reasonableness of the rates and hours charged or the qualifications

4    of the legal staff performing the work for which fees were claimed. Dkt. No. 72. The order

5    granted defendants leave to file declarations making a sufficient showing. *Id.*

6    Before the court ruled on defendants' motion, William filed the present motion for

7    attorneys' fees. Dkt. No. 78. In his motion, William argues that he "is equally entitled to

8    Attorney's Fees for the efforts in defending the Estate and Trust" from Arlene's alleged

9    misappropriation. *Id.* He claims fees and costs of $72,334.19. *Id.* Defendants oppose the

10   motion, arguing that William, as an attorney representing himself, is not entitled to attorney's fees,

11   and that William failed to provide sufficient evidence establishing the reasonableness of his rates

12   and the hours he spent on this matter. Dkt. No. 83.

## DISCUSSION

14   Though William cites no statutory or precedential authority to support his motion for fees,

15   the court agrees that the same provisions that defendants relied upon (and which the court found

16   relevant) in their motion for attorney's fees—California Probate Codes Sections 17200, 16427,

17   16429, and 15684—apply here. In its order on the defendants' motion, the court observed the

18   distinction made by California law between fees incurred by trustees in the administration of the

19   trust (e.g., in preparing an accounting) and other fees, which may be awarded "[t]o the extent that

20   they benefitted the trust." Cal. Prob. Code § 15684. The court awarded defendants attorney's fees

21   for the first category, but found fees for the second category premature, as it will not be clear

22   whether defendants' litigation expenses are for the benefit of the trust until the merits of this suit

23   are resolved.

24   This same reasoning applies to William's motion for attorney's fees. Those fees related to

25   trust administration could be awarded now, but those related to the prosecution of this action must

26   await a decision on the merits, as that decision will guide the court's determination of whether

27   those fees were incurred for the benefit of the trust. *See Terry v. Conlan*, 131 Cal. App. 4th 1445,

28   1461 (2005).

The court, however, will not scrutinize and categorize William's claimed fees, as there is another obstacle that prevents his success on this motion.

As a general rule, California does not permit attorneys representing themselves to recover attorney's fees. *Trope v. Katz*, 11 Cal. 4th 274, 280-81 (1995). The California Supreme Court reaffirmed this rule in the context of contract disputes in 1995, but the rule has long applied in the context of trusts and probate matters. *In re Lair's Estate*, 70 Cal. App. 2d 330, 337 (1945) ("Insofar as the judgment included an award for legal services of [an estate administrator] as attorney for himself as administrator of the deceased trustee's estate, it was erroneous."); *see In re Vokal's Estate*, 121 Cal. App. 3d 252, 260 (1953) ("It is the invariable rule of the courts to reject demands of trustees for services they employed themselves to perform as attorneys."). The rationale for this rule, discussed in *In re Parker's Estate*, is that a trustee employing him- or herself as an attorney using trust funds presents a conflict of interest. 200 Cal. 132, 140 (1926). A trustee is responsible for preventing improper charges against the trust, including in the retention and compensation of counsel; but "he would place himself in a position where there would be a clash between his own personal interest and his duty . . . if, being himself a lawyer, he should undertake to perform [legal] service[s] himself with the intention of charging the estate therefor." *Id.* at 140.

*Trope v. Katz* relies on a different rationale, but one this court finds equally persuasive and applicable in the present context. In that case, the California Supreme Court analyzed Code of Civil Procedure Section 1717, which applied to fees "which are *incurred*" to enforce contracts. 11 Cal. 4th at 279-80. The Court noted that "to 'incur' a fee . . . is to 'become liable' for it . . . i.e., to become obligated to *pay* it. It follows that an attorney litigating in propria persona cannot be said to 'incur' compensation for his time and his lost business opportunities." *Id.* The same word—"incur"—appears in Probate Code Section 15684: "A trustee is entitled to the repayment out of the trust property for the following: (a) Expenditures that were properly incurred in the administration of the trust. (b) To the extent that they benefitted the trust, expenditures that were not properly incurred in the administration of the trust." The court sees no reason to read the word "incur" in Section 15684 differently from how it has been read in Section 1717.

1    To the extent that William may argue that it is unfair for defendants' counsel to receive
2 fees while he may receive none, the California Supreme Court has stated that considerations
3 related to fairness actually cut the other way. *Trope*, 11 Cal. 4th at 286. The proper comparison,
4 according to the Court, is not between an attorney representing himself and retained counsel for
5 the opposing side, but between an attorney representing himself and a non-attorney adversary
6 appearing pro se. In such a situation, it would be unfair for the court to award the attorney fees
7 while denying the non-attorney simply because the attorney has legal training. *Id.*

## CONCLUSION

As an attorney appearing pro se is not entitled to pay himself out of trust funds for his services as an attorney, the plaintiff's motion for attorney's fees is denied.

IT IS SO ORDERED.

Dated: 11/14/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge